UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL RUIZ,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK COMMISSION
ON HUMAN RIGHTS, et al.,

                    Defendants.

23-CV-7422 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action invoking the Court's diversity

jurisdiction, alleging that the City of New York Commission on Human Rights and its

employees failed to adequately investigate his report of a "hate crime." (ECF 1, at 5.) By order

dated August 31, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court

dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff, a resident of Bronx, New York, brings this action against the City of New York Commission on Human Rights ("CHR") and two of its employees – Jacquline Rios, a "lawyer investigator"; and "Anthony," a supervisor. (ECF 1, at 4.)[1] He invokes diversity jurisdiction and asserts that Defendants "violated my honesty, myself and to be truthful with my complaints." (*Id*. at 2.)

The following information is taken from the complaint. Sometime in January 2021, Plaintiff reported to CHR that an alleged hate crime had been committed against him. CHR took his complaint and contacted him eight months later. Defendant Rios, the attorney investigating Plaintiff's claim, "refuse[d] to apply by the law, the rules and facts and evidence." (*Id*. at 5.) Rios did not issue subpoenas for the body camera footage of the police officers, records of the 911 call, information from the public safety officers, or footage of various cameras, including of those located where the alleged hate crime occurred.

Plaintiff alleges that as a result of Defendants' action he suffered "mental and physical trauma," which affected his disability, and left him "in fear for the safety of [his] life," resulting in him being "homebound for 18 months." (*Id*. at 6.)

---

[1] The Court quotes from the complaint verbatim, and all spelling, grammar, and punctuation are as in the original, unless noted otherwise.

Plaintiff seeks money damages.

## DISCUSSION

### A.    Diversity Jurisdiction

Plaintiff brings this action invoking the Court's diversity of citizenship jurisdiction, but he does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff indicates in the complaint that he is a citizen of New York, and he brings claims against CCR, an agency of the City of New York, and two of CCR's employees whose citizenships he does not allege. Because Plaintiff brings this action against a New York City agency he cannot allege complete diversity of citizenship. Thus, Plaintiff has not shown that this Court has diversity jurisdiction of his claims.

### B.    Constitutional Claims

Because Plaintiff brings this action against CCR and asserts claims that may implicate his constitutional rights, the Court construes the complaint as asserting claims arising under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

The Court reads Plaintiff's allegation that CHR and its employees failed to adequately investigate his report of a hate crime as implicating a procedural due process claim. The constitutional requirement of procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest . . . and (2) deprivation of that interest without due process." *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012). "A 'unilateral expectation' is not sufficient to establish a constitutionally protected property right. Rather, a plaintiff must have 'a legitimate claim of entitlement to' the alleged property interest." *Looney v. Black*, 702 F.3d 701, 706 (2d Cir. 2012) (quoting *Regents of State Colls. v. Roth*, 408 U.S. 564, 576-77 (1972)).

The Constitution of the United States does not, however, provide individuals with an affirmative right to an adequate investigation of their claims by the government that is protected by the Due Process Clause of the Fourteenth Amendment. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989) (holding that the Due Process Clauses "generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual"); *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) ("[T]here is no constitutional right to an adequate investigation. . . . Accordingly, a failure to investigate is not independently cognizable as a stand-alone claim under Section 1983." (internal quotation marks and citation omitted)); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460, 465 (S.D.N.Y. 2008) ("Courts within the Second Circuit have determined that there is no constitutional right to an investigation by government officials." (collecting cases)).

There are two recognized exceptions to this general rule: (1) "when [a government official] takes a person into [his/her] custody and holds [the person] there against [the person's] will, the Constitution imposes upon [the government official] a corresponding duty to assume some responsibility for [the person's] safety and general well-being," *DeShaney*, 489 U.S. at 199-200; and (2) when a government official affirmatively creates or increases a danger to a plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In this context, the plaintiff must also show that the government official's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

To the extent that Plaintiff asserts that Defendants failed to adequately investigate his report of a hate crime, he does not allege any facts suggesting that either of these two exceptions is applicable here. The Court therefore dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    State Law Claims

Because the Court has original jurisdiction of Plaintiff's constitutional claims, it has supplemental jurisdiction to consider any state law claims he may have despite the lack of diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1367(a). A district court, however, may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." *Id*. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122

(2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.      Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    May 6, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

6